**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CONFEDERACIÓN HÍPICA OF PUERTO
RICO, INC., et al.,

    Plaintiffs,

vs.　　　　　　　　　　　　　　　　　　　Case No. 3:20-cv-448-J-34JRK

TOTE MARITIME PUERTO RICO, LLC,
et al.,

    Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court sua sponte.  Plaintiffs initiated the instant action on April 30, 2020, by filing a Complaint (Doc. 1) arising under this Court's "Admiralty and Maritime Jurisdiction." See Complaint ¶ 1.  Upon review, the Court finds that the Complaint constitutes an impermissible "shotgun pleading."  In Weiland v. Palm Beach County Sheriff's Office, 792 F.3d 1313 (11th Cir. 2015), the Eleventh Circuit identified four types of prohibited "shotgun" pleadings, and the instant Complaint runs afoul of at least three of them.  See Weiland, 792 F.3d at 1321-23.  As discussed in more detail below, Plaintiffs fail to separate their causes of action into separate counts, fail to reincorporate only those allegations which are relevant to each count, and fail to properly identify which claims are brought against which Defendants.  As such, the Court will strike the Complaint and direct Plaintiffs to file an amended complaint which corrects the problems discussed in this Order. See Anderson v. Dist. Bd. of Trs. of Central Fla. Cmty. College, 77 F.3d 364, 367 n.5 (11th

Cir. 1996) (noting that when faced with a shotgun pleading the district court should sua sponte strike the pleading and direct the plaintiff to file a more definite statement).

In the Eleventh Circuit, shotgun pleadings are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases).  Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." See Weiland, 792 F.3d at 1321 & n.9 (collecting cases).  As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263.  When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure.  See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

The most common type of shotgun pleading involves a complaint containing "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." See Weiland, 792 F.3d at 1321 & n.11 (collecting cases).  As a

result, "most of the counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. See id. Another type of improper pleading occurs where the drafter "commits the sin of not separating into a different count each cause of action or claim for relief." See Weiland, 792 F.3d at 1322-23 n.13 (collecting cases). Indeed, Rule 10(b), Federal Rules of Civil Procedure (Rule(s)) requires that: "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." See Rule 10(b); see also Anderson, 77 F.3d at 366 (explaining that a properly drawn complaint "will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading" (internal footnote omitted)).

Plaintiffs' Complaint suffers from both of these errors. Significantly, Plaintiffs do not utilize separate counts to identify their claims, making it difficult to identify what specific claims are raised, or discern which allegations support which of those claims. As best the Court can tell, Part IV of the Complaint is intended to serve as Count I. This Count is entitled "Negligence & Liability of the Carrier and of its Stevedore, Breach of Affreightment Contract and Implied Warranty of Cargoworthiness; and Fraud and Missrepresations [sic] on Billl [sic] of Lading. See Complaint at 10. As such, Plaintiffs appear to have joined somewhere between three and five different causes of action in this one Count. Likewise, Part V of the Complaint, presumably Count II, also appears to combine multiple claims as

it is titled "Tortious and Fraudulent Acts of Named Shipper and Consignee." Id. at 15. Notably, Count II begins by reincorporating by reference the "allegations contained in previous paragraphs." See id. Because Plaintiffs do not identify the specific "previous paragraphs" to which they are referring, it appears Plaintiffs intend to reincorporate all previous paragraphs, including those of Count I.  Part VI is titled "Tote's Temerity for Refusing to Provide the Shipment's Documentation and Obstruct a Claim." Id. at 18. The Court assumes this is intended to be Count III, although given the title it is unclear what claim or claims are purportedly contained in this Count. Moreover, Plaintiffs do not incorporate any prior allegations, thus leaving it to the Court to decipher which of the 130 paragraphs of the Complaint are relevant to this unidentified claim or claims. This haphazard manner of pleading plainly contravenes the Eleventh Circuit authority on shotgun pleading set forth above and renders it impossible for the Court or Defendants to discern what Plaintiffs are claiming.

Last, the Complaint falls into the final category of shotgun pleading identified in Weiland as it asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland, 792 F.3d at 1323. Notably, in the section of the Complaint titled "Parties," Plaintiffs list "ABC Insurer," "ABC Insurance Company," and "XYZ Insurance Company," as well as "John Doe and Richard Roe" as Defendants to this case. See Complaint at 4. This list is not entirely consistent with the list of Defendants contained in the caption of the Complaint, which does include an "ABC Insurer" but not an "ABC Insurance Company," and names an "XYZ Insurer" but not an "XYZ Insurance Company." Compare Complaint at 1 with Complaint at 4. Moreover, neither the fictitious

insurance companies nor John Doe and Richard Roe are mentioned anywhere else in the Complaint. The Complaint does discuss a "Doe Longshoreman," who is listed in the Caption but not identified in the "Parties" section of the Complaint. See Complaint at 1, 4, 7-11. Thus, it is entirely unclear which fictitious parties Plaintiffs actually intended to name in this action, much less which claims, if any, are brought against those Defendants.

In addition, the Court cautions Plaintiffs that "[a]s a general matter, fictitious-party pleading is not permitted in federal court." See Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010). The Eleventh Circuit does recognize a "limited exception to this rule" where "the plaintiff's description of the defendant is so specific" that the use of the name Doe is "'at the very worst, surplusage.'" Id. (quoting Dean v. Barber, 951 F.2d 1210, 1215-16 (11th Cir. 1992)). Thus, in Dean, the Eleventh Circuit found that the exception applied where the pro se plaintiff provided a description of the John Doe defendant that "was sufficiently clear to allow service of process" on the correct individual. See Dean, 951 F.2d at 1216. As such, in their amended complaint, Plaintiffs should either omit the fictitious Defendants or provide additional allegations specifically describing who they are such that they may be identified for service of process. See Richardson, 598 F.3d at 738 (finding that a description of the John Doe defendant as a guard at the Charlotte Correctional Institute (CCI) was "insufficient to identify the defendant among the many guards employed at CCI").

In light of the foregoing, the Court will strike the Complaint and direct Plaintiffs to file an amended complaint that sets forth each of their claims for relief in a separate count and properly incorporates only the relevant allegations into each count. Plaintiffs must also identify which claims are asserted against which Defendants, and in the event Plaintiffs

elect to name fictitious parties, Plaintiffs must properly describe those parties as required by the Eleventh Circuit authority cited above. Accordingly, it is

**ORDERED**:

1. The Complaint (Doc. 1) is **STRICKEN**.
2. Plaintiffs shall file an amended complaint consistent with the directives of this Order on or before **May 26, 2020**. Failure to do so may result in a dismissal of this action.
3. Defendants shall respond to the amended complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** at Jacksonville, Florida on May 4, 2020.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties

6