**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CONFEDERACIÓN HÍPICA DE
PUERTO RICO INC.; MICHAEL
MIRANDA; EDWIN TEXIDOR;
RUBÉN FERNANDEZ; and LUIS
R. ORRACA,

      Plaintiffs,

v.                                                                     Case No. 3:20-cv-448-MMH-JRK

TOTE MARITIME PUERTO RICO,
LLC; PORTUS STEVEDORING
LLC; GUTMAN BROTHERS LTD.;
HERMANOS RUIZ, INC.; and
ANDRES RUIZ-ARIZMENDI,

      Defendants.

## **O R D E R**

### **I.  Status**

This cause is before the Court on Tote Maritime Puerto Rico, LLC's Motion to Strike Portions of Amended Complaint, Motion for Partial Judgment on the Pleadings and/or Motion to Dismiss (Doc. No. 36; "Motion"), filed September 17, 2020. Plaintiffs responded in opposition to the Motion on October 9, 2020. See Plaintiffs' Response in Opposition to Tote Maritime Puerto Rico, LLC's Motion to Strike Allegations and Request for Order in the Alternative (Doc. No. 50; "Response").

## II. Relevant Background

Plaintiffs initiated this case on April 30, 2020 by filing a Complaint (Doc. No. 1) against Defendants. On May 26, 2020, Plaintiffs filed an Amended Complaint (Doc. No. 8) pursuant to the Court's Order (Doc. No. 6), entered May 4, 2020. Defendant Tote Maritime Puerto Rico, LLC (hereinafter "Defendant") answered the Amended Complaint on June 16, 2020. See Defendant's Answer and Affirmative Defenses to Plaintiffs' Amended Complaint (Doc. No. 11; "Answer"). About three months later, the Motion was filed.

By way of background, this case arises out of the death of Plaintiffs' horses while they were onboard Defendant's vessel. See generally Amended Complaint at 3-6. Plaintiffs bring three counts against Defendant: fraud (Count 1); negligence (Count 3); and breach of contract (Count 4).[1] See id. at 6-8, 10-12. Plaintiffs bring this action pursuant to the Court's admiralty and maritime jurisdiction under 28 U.S.C. § 1333. See id. at 1 ¶ 1.

## III. Discussion

In general, the Motion seeks to strike: 1) certain allegations of the Amended Complaint under Rule 12(f), Federal Rules Civil Procedure ("Rule(s)"), and 2) Plaintiffs' demand for a jury trial. The undersigned addresses each issue in turn below.

---

[1] The remaining counts are brought against the other Defendants: fraud by Defendants Hermanos Ruiz, Inc. and Andres Ruiz-Arizmendi (Count 2); negligence by Defendant Portus Stevedoring LLC (Count 5); breach of contract by Defendant Hermanos Ruiz, Inc. (Count 6); and fraud by Defendant Gutman Brothers Ltd. (Count 7). See Amended Complaint at 8-15.

Defendant moves to strike a number of allegations on the basis that they "set forth improperly applied law or allege matters which do not comport with applicable law." Motion at 2. Defendant argues that if "the offending sections and allegations are stricken, the Amended Complaint will be insufficient to support most or all of the claims." Id. "In that case, '[a]fter the pleadings are closed . . . a party may move for judgment on the pleadings.'" Id. (alteration in original) (quoting Fed. R. Civ. P. 12(c)). Defendant thus apparently argues that if certain allegations are stricken from the Amended Complaint, then judgment on the pleadings or (based on the title of the Motion) dismissal is warranted.

To the extent the Motion seeks to strike allegations under Rule 12(f), the Motion is untimely. Rule 12(f) grants the Court the authority to strike from a pleading any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Court may act on a party's motion, but the motion must be made "either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f). Here, as noted, Defendant filed its Answer three months before the Motion was filed. Accordingly, Defendant's request to strike certain portions of the Amended Complaint under Rule 12(f) is due to be denied.

Any motion to dismiss is likewise untimely. See Fed. R. Civ. P. 12(b) (stating that a Rule 12(b)(6) motion must be filed "before pleading if a responsive pleading is allowed"). As to Defendant's request for judgment on the pleadings, Defendant frames it as being contingent on the striking of certain

portions of the Amended Complaint. See Motion at 2, 3-7. To the extent Defendant seeks a judgment on the pleadings, it shall do so by filing a motion specifically requesting that relief (instead of embedding a request for a judgment on the pleadings in a motion to strike and/or motion to dismiss).

With respect to Defendant's request to strike Plaintiffs' demand for a jury trial, Defendant argues that "there is no right to a trial by jury under the federal court's general admiralty and maritime jurisdiction." Id. at 7 (citations omitted). The undersigned finds that such a request is properly brought under Rule 39(a)(2), as opposed to Rule 12(f), and is therefore timely. Ackner v. PNC Bank, Nat'l Ass'n, No. 16-81648-CIV, 2017 WL 7355329, at *2 (S.D. Fla. Dec. 22, 2017) (unpublished) (finding that "Rule 12(f)'s timing requirements and the policy disfavoring Rule 12(f) motions to strike are inapplicable to the [motion to strike jury demand]" and collecting cases); Acciard v. Whitney, No. 2:07-cv-476-UA-D_F, 2011 WL 4902972, at *3 (M.D. Fla. Oct. 13, 2011) (unpublished) (recognizing that Rule 39(a)(2) "provides 'no time limit' by which a party must object to a jury demand" (citation omitted)). Under Rule 39(a), when a plaintiff demands a jury trial, the trial must be by jury unless "the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record" or "the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." Fed. R. Civ. P. 39(a)(1)-(2).

"The right to trial by jury is fundamental," and courts must "indulge every reasonable presumption against waiver." Mega Life & Health Ins. Co. v.

Pieniozek, 585 F.3d 1399, 1403 (11th Cir. 2009) (citation and alteration omitted). Generally, however, there is no right to a jury trial in admiralty cases. St. Paul Fire & Marine Ins. Co. v. Lago Canyon, Inc., 561 F.3d 1181, 1187 (11th Cir. 2009); see also Beiswenger Enterprises Corp. v. Carletta, 86 F.3d 1032, 1037 (11th Cir. 1996). Rule 9(h) provides as follows:

> If a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim for purposes of Rules 14(c), 38(e), and 82 and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. A claim cognizable only in the admiralty or maritime jurisdiction is an admiralty or maritime claim for those purposes, whether or not so designated.

Fed. R. Civ. P. 9(h). Rule 38(e), in turn, states that there is no "right to a jury trial on issues in a claim that is an admiralty or maritime claim under Rule 9(h)." Fed. R. Civ. P. 38(e). "Although the [United States Court of Appeals for the] Eleventh Circuit has not established a clear test as to what constitutes a Rule 9(h) election, it has routinely recognized Rule 9(h)'s Advisory Committee Notes' requirement of a simple statement in the pleading as sufficient." Stolinas v. Palmer, No. 2:18-cv-702-SPC-MRM, 2019 WL 11499346, at *2 (M.D. Fla. May 22, 2019) (unpublished) (citing St. Paul, 561 F.3d at 1188; see Fed. R. Civ. P. 9(h) advisory committee's note to 1966 amendment (providing that the pleader may elect admiralty jurisdiction "by a simple statement in his pleading to the effect that the claim is an admiralty or maritime claim").

"By virtue of these rules, a plaintiff with a claim that could be brought

either in admiralty or in diversity has the choice which to deem the action, and that choice governs whether the action will be tried to a jury." New Hampshire Ins. Co. v. Wiregrass Const. Co., No. CIV.A. 09-0489-WS-B, 2010 WL 3339019, at *1 (S.D. Ala. Aug. 23, 2010) (unpublished); see also St. Paul, 561 F.3d at 1188 (recognizing the "longstanding tradition in admiralty proceedings that the pleader has the right to determine procedural consequences (including the right to a jury trial) by a simple statement in his pleading that the claim is an admiralty claim" (citation omitted)). In other words, if the plaintiff bases the court's subject matter jurisdiction "on admiralty and diver[si]ty grounds but identifies the claim as one in admiralty under Rule 9(h) his demand for a jury will be stricken." Anderson v. Am. Oil Co. of Baltimore, Md., 60 F.R.D. 676, 678 (S.D. Ga. 1973); see also Williams v. Shipping Corp. of India, 354 F. Supp. 626, 629 (S.D. Ga. 1973).

Here, "Plaintiff[s] demand[ ] a trial by jury for those triable issues under state law other than causes of action made under admiralty law for a bench trial." Amended Complaint at 16. At the outset, the undersigned notes that the Amended Complaint does not establish diversity jurisdiction over any state law claims because the parties are not diverse.[2] Specifically, Plaintiffs, Defendant

---

[2] Diversity jurisdiction requires complete diversity of citizenship between all plaintiffs and all defendants, and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332; Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005). A plaintiff bears the burden of establishing that diversity jurisdiction exists. See Fastcase, Inc. v. Lawriter, LLC, 907 F.3d 1335, 1342 (11th Cir. 2018); Purchasing Power, LLC v. Bluestem Brands, Inc.,

(Continued…)

Hermanos Ruiz, Inc., and Defendant Andres Ruiz-Arizmendi all appear to be citizens of Puerto Rico. See id. at 2-3 ¶¶ 4-8, 12-13. It would therefore appear the only basis for the Court's jurisdiction is admiralty, and "[a] claim cognizable only in the admiralty or maritime jurisdiction is an admiralty or maritime claim for [Rule 38(e)] purposes, whether or not so designated." Fed. R. Civ. P. 9(h).

In any event, even assuming arguendo that a separate basis for jurisdiction over the state law claims exists, Plaintiffs are not entitled to a jury trial over those claims. Plaintiffs designated their claims as admiralty claims under Rule 9(h) by alleging in the Amended Complaint that "[t]he present case involves a federal question action pursuant to the Admiralty and Maritime Jurisdiction of this Honorable Court under 28 U.S.C. § 1331 and § 1333 within the meaning of [Rule] 9(h)." Amended Complaint at 1 ¶ 1; see id. ¶ 2; e.g., St. Paul, 561 F.3d at 1187-89; Stolinas, 2019 WL 11499346, at *2 (finding that the plaintiff made a Rule 9(h) election because the "[p]laintiff made a simple statement invoking admiralty jurisdiction in Paragraph 8 of his [c]omplaint by alleging that '[t]his Court also has jurisdiction pursuant to 28 U.S.C. § 1333 because this is a civil action of admiralty or maritime jurisdiction'" (citation

---

851 F.3d 1218, 1225 (11th Cir. 2017). A natural person's citizenship is determined by the person's domicile, which is "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (citation and internal quotation marks omitted). In addition, a corporation "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis omitted).

omitted)). Moreover, demonstrating Plaintiffs' intent to make a Rule 9(h) election is the fact that the caption of the Amended Complaint includes the word, "ADMIRALTY" in bold letters. Amended Complaint at 1 (emphasis omitted). The Local Rules in effect at the time of the filing of the Amended Complaint required "[e]very complaint filed as a [Rule] 9(h) action [to] boldly set forth the words 'IN ADMIRALTY' following the designation of the Court." Local Rule 7.01(d), United States District Court, Middle District of Florida (Dec. 1, 2009). Plaintiffs' demand for a jury trial is thus due to be stricken. See Romero v. Bethlehem Steel Corp., 515 F.2d 1249, 1254 (5th Cir. 1975)[3] (finding that "because diversity was arguably present at least with regard to [one of the defendants, the plaintiff] could have obtained a jury trial on all claims simply by omitting or withdrawing the 9(h) designation in his complaint and bringing his entire suit as a civil action" (citation omitted)).

To the extent Plaintiffs ask the Court to grant them leave to file a Second Amended Complaint if the Motion is granted, see Response at 14, Plaintiffs shall file a motion seeking such relief. See Fed. R. Civ. P. 7(b) (providing that "[a] request for a court order must be made by motion"); see also Est. of Miller ex rel. Miller v. Toyota Motor Corp., No. 6:07-cv-1358-PCF-DAB, 2008 WL 516725, at *6 n.8 (M.D. Fla. Feb. 22, 2008) (unpublished) (noting that "requests

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

for relief must be made in the form of a motion and not buried in a response to another party's motion") (citing Pine v. Bd. of Cnty. Comm'r of Brevard Cnty., No. 6:06-cv-1551-PCF-UAM, 2007 WL 865593, at *1 (M.D. Fla. March 21, 2007) (unpublished) (stating that "[i]t is inappropriate to bury requests for relief in a response")); Orlando Nightclub Enter., Inc. v. James River Ins. Co., No. 6:07-cv-1121-PCF-KRS, 2007 WL 4247875, at *1 n.1 (M.D. Fla. Nov. 30, 2007) (unpublished); Nelson v. Bulso, 149 F.3d 701, 705 (7th Cir. 1998) (holding that it was within the district court's discretion to require separately captioned motions).

### IV.   Conclusion

Based on the foregoing, it is

**ORDERED**:

Tote Maritime Puerto Rico, LLC's Motion to Strike Portions of Amended Complaint, Motion for Partial Judgment on the Pleadings and/or Motion to Dismiss (Doc. No. 36) is **GRANTED in part** and **DENIED in part**. The Motion is **GRANTED** to the extent that Plaintiffs' demand for jury trial is **STRICKEN**. The Motion is otherwise **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida on March 23, 2021.

_____
JAMES R. KLINDT
United States Magistrate Judge

bhc
Copies to:
Counsel of record